**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

VASUDEV HARGOVINDBHAI PATEL,

      Petitioner,

v.                                    No. 1:26-cv-01728-DHU-JMR

MARKWAYNE MULLIN, in his official capacity
as Secretary of the U.S. Department of Homeland
Security; TODD BLANCHE, in his official capacity
as Acting Attorney General of the United States; DAVID J.
VENTURELLA, in his official capacity as Acting Director
and Senior Official Performing the Duties of the Director of
U.S. Immigration and Customs Enforcement; MARY DE
ANDA-YBARRA, in her official capacity as Field Office
Director of the El Paso Field Office of U.S. Immigration and
Customs Enforcement, Enforcement and Removal Operations;
and GEORGE DEDOS, in his official capacity as WARDEN
of Cibola County Correctional Center,

      Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner Vasudev Hargovindbhai Patel's Petition

for Writ of Habeas Corpus ("Petition"). Doc. 1. Having considered the parties' briefs, the record,

and the relevant law, the Court GRANTS the Petition.

Petitioner is a native and citizen of India who entered the United States without inspection

on April 12, 2024. *Id.* ¶ 52. That same day, Petitioner was detained by Customs and Border

Protection ("CBP") agents, issued a Notice to Appear, which charged him as a noncitizen present

in the United States who had not been admitted or paroled, and placed in removal proceedings.

Doc. 1-2 at 2. Also, that same day, Petitioner was released on an Order of Release on Recognizance

and on the Alternatives to Detention ("ATD") Program. Doc. 1 ¶ 52; Doc. 1-4. Following his

release, Petitioner timely filed an Application for Asylum with U.S. Citizenship and Immigration

Services ("USCIS") on November 13, 2024, which he later supplemented on November 19, 2024. Doc. 1 ¶ 52; Doc. 1-6. Petitioner also complied with his release conditions, including attending Immigration and Customs Enforcement ("ICE") check-ins, and accrued no criminal history. Doc. 1 ¶¶ 52-53.

In early May 2026, Petitioner was re-detained at a scheduled ICE check-in without basis, explanation, or a hearing. *Id.* ¶¶ 54-56. He was eventually transferred to the Cibola County Correctional Center in Milan, New Mexico, where he remains detained. *Id.* ¶ 57.

On May 29, 2026, Petitioner filed the instant Petition, where he, among other things, argues that Respondents re-detained him without notice and a hearing in violation of his procedural due process rights. *Id.* ¶¶ 58-62. He requests a Writ of Habeas Corpus ordering Respondents to release him from custody within one (1) day or, alternatively, provide him a bond hearing pursuant to 8 U.S.C. § 1226(a). *Id.* at 18-19. He also requests attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). *Id.* at 19.

Also on May 29, 2026, Petitioner filed an Emergency Motion for Temporary Restraining Order ("TRO"), where he requests his release. Doc. 2 at 21.

On June 8, 2026, Respondents filed a consolidated response to the Petition and Motion for TRO. Doc. 9.

This case is not the first of its kind in this Court. This Court has addressed procedural due process rights in the immigration re-detention context on multiple occasions. *See Sahil v. De Anda-Ybarra*, No. 2:26-cv-00434-DHU-JFR, 2026 WL 560216 (D.N.M. Feb. 27, 2026); *Ompal v. Warden*, No. 1:26-cv-00810-DHU-JHR, Doc. 12 (D.N.M. May 28, 2026); *Ducosquier Suarez v. Castro*, No. 2:26-cv-1541-DHU-JHR, Doc. 12 (D.N.M. May 27, 2026); *Moreno Moreno v. Bondi*, No. 2:26-cv-00787-DHU-DLM, Doc. 11 (D.N.M. May 12, 2026); *Lopez Gonzalez v. Lyons*, No.

2:26-cv-00383-DHU-JHR, Doc. 11 (D.N.M. Apr. 28, 2026); *Exposito v. Lyons*, No. 2:26-cv-00020-DHU-JHR, Doc. 11 (D.N.M. Apr. 23, 2026); *Abshir v. Noem*, No. 2:26-cv-00301-DHU-JFR, Doc. 14 (D.N.M. Apr. 13, 2026); *Akum v. Dedos*, No. 1:26-cv-00401-DHU-KRS, Doc. 11 (D.N.M. Apr. 13, 2026). On each of these occasions, the Court has found that noncitizens who enter without inspection, are detained by immigration officials within the United States, and are subsequently released on an Order of Release on Recognizance for years, develop a protected liberty interest in their release. The Court has further found that such noncitizens are entitled to notice and a pre-deprivation hearing prior to being re-detained, and that the Government's failure to provide them with such notice and pre-deprivation hearing constitutes a violation of procedural due process rights that can only be adequately remedied by ordering immediate release. Petitioner, who entered without inspection in April 2024, was detained within the United States, and was subsequently released on his own recognizance for over two years, developed a protected liberty interest in his release. He was entitled to notice and a pre-deprivation hearing prior to being re-detained, and Respondents failure to provide such notice and pre-deprivation hearing violated his procedural due process rights. The Court will, therefore, order his immediate release. *See Munaf v. Geren*, 553 U.S. 674, 693, 128 S. Ct. 2207 (2008) ("Habeas is at its core a remedy for unlawful executive detention ... [and] [t]he typical remedy [for such detention] is, of course, release." (citations omitted)).

Accordingly, Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

**IT IS THEREFORE ORDERED** that Respondents release Petitioner within **twenty-four (24) hours** of this Order and subject him to the same terms as his original Order of Release on Recognizance and ATD Program. Unless and until Petitioner's Order of Removal becomes final, Respondents are **RESTRAINED** from re-detaining Petitioner unless they provide him with notice

and demonstrate, by clear and convincing evidence at a pre-deprivation hearing, that he is a danger to the community or a flight risk.

**IT IS FURTHER ORDERED** that the parties submit a joint status report to the Court no later than Monday, June 15, 2026, confirming Petitioner's timely release.

**IT IS FURTHER ORDERED** that Respondents must promptly return Petitioner's personal property to him, specifically within thirty (30) days of this Order.

**IT IS FURTHER ORDERED** that Petitioner may submit an application for fees and costs pursuant to the EAJA within thirty (30) days of this Order. Respondents may respond to Petitioner's application no later than fourteen (14) days after the application is filed with the Court.

Finally, because the Court is granting this Petition and awarding Petitioner relief in this Order, Petitioner's Motion for TRO (Doc. 2) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

4